UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23 MJ 8001 SRW |
| | ) |
| DAMEAN HARDGE, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Lisa M. Yemm, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Grounds for Detention

1.  The defendant is charged with an offense for which the maximum sentence is life imprisonment or death. *See* 18 U.S.C. § 3142(f)(1)(B).

### Presumption of Detention

2.  The defendant is charged with an offense under Title 18, United States Code, Section 924(c). *See* 18 U.S.C. 3142(e)(3)(B).

1

3. The charge triggers a rebuttable presumption of detention pursuant to Title 18, United States Code, Sections 3142(e)(3)(A). There are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

### The Nature and Circumstances of the Offense

4. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and circumstances of the offense charged, including whether the offense is a crime of violence, or involves a controlled substance or a firearm. The defendant is charged with use of a firearm in furtherance of a drug trafficking crime that involves approximately four (4) kilograms of methamphetamine and ounces of cocaine base. Four firearms were also recovered. The first of the § 3142(g) factors weighs heavily in favor of detention.

### The Weight of the Evidence Against the Defendant

5. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong.

6. Much of the evidence against the defendant is outlined in detail in the sworn Complaint Affidavit which is incorporated herein by reference. Considerable physical evidence was likewise located at the apartment out which defendant was conducting drug operations.

### The History and Characteristics of the Defendant

7. Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

8. Defendant has two prior federal convictions. He was convicted in cause No. 4:09 CR 85 of possession with intent to distribute a controlled substance and sentenced to 60 months incarceration. Defendant was unable to abide by the conditions of his probation and was revoked at least twice, for 24 months and 10 months, respectively. He was also convicted of possession with intent to distribute a controlled substance in cause No. 4:14 CR 202, for which he was sentenced to 36 months in the bureau of prisons. If convicted again, Defendant will be a Career Offender for guideline purposes. Defendant has state level convictions for distribution of a controlled substance (Case No. 03 CR 419, November 25, 2003); peace disturbance (Case No. 201708197); Domestic Assault 2nd Degree (two counts, Case No. 19SLCR0337201, July 11, 2022); and violating an order of protection for an adult (same case). The defendant has additional arrests for drug trafficking, possession of firearms, Assault 1st Degree, and Armed Criminal Action.

9. The defendant's past conduct weighs against release to ensure the safety of the community.

### The Nature and Seriousness of the Danger to the Community

28. The nature and seriousness of the danger to the community is great. The defendant is violent and a danger to others.

29. The safety of the community would clearly be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

30. The defendant has a history of failing to comply with conditions of release and court orders. The defendant also fled from police in this incident and was found in possession of approximately $250,000 in U.S. currency, illustrating defendant has the resources to flee.

## Conclusion

31      The government submits that when considering all the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Additionally, there is a preponderance of evidence that no condition or combination of conditions will reasonably assure the defendant's appearance in court.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

/s/ Lisa M. Yemm
LISA M. YEMM, #64601MO
Assistant United States Attorney